## CARMEN MUNIZ *v.* ALLIED COMMUNITY RESOURCES, INC., ET AL.
### (AC 28252)

Harper, Beach and Borden, Js.

Argued February 13—officially released June 24, 2008

*Jack Senich*, for the appellant (plaintiff).

*Lawrence G. Widem*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant second injury fund).

HARPER, J. The plaintiff, Carmen Muniz, appeals from the decision of the workers' compensation review board (board), which reversed the decision of the workers' compensation commissioner for the fifth district (commissioner). The commissioner ruled that the plaintiff had suffered a compensable injury and awarded her benefits under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The plaintiff claims that the board improperly concluded that she was not

an employee entitled to benefits under the act. We affirm the decision of the board.

At a contested hearing before the commissioner, it was undisputed and found that between October, 2001, and November, 2002, the plaintiff was employed as a personal care assistant,[1] in which employment she provided personal care services for Gary LaChance.[2] It was further undisputed and found that during this period of employment, the plaintiff worked up to 25.75 hours per week in or about LaChance's private residence. The plaintiff claimed that she sustained a work-related knee injury for which she underwent surgery and suffered a period of total disability.

---

[1] The department of social services operates the personal care assistance waiver program, which, with federal funding, assists eligible disabled adults by paying for qualifying personal care assistance services. Under General Statutes § 17b-262, the commissioner of social services promulgated regulations governing the program. See Regs., Conn. State Agencies §§ 17b-262-587 through 17b-262-596a.

[2] The plaintiff brought the claim against LaChance, Allied Community Resources, Inc., and the Connecticut Health Care Workers' Compensation Trust (trust). The commissioner determined that LaChance, who did not defend the claim, was an uninsured party. The commissioner determined that Allied Community Resources, Inc., at relevant times a contractor hired by the state to act as a fiscal intermediary between personal care assistants and eligible individuals receiving assistance, was not a liable party. Finally, the commissioner determined that the trust was not a liable party. None of these determinations is challenged in this appeal.

The commissioner found that LaChance was the plaintiff's employer. The second injury fund; see General Statutes § 31-355; appeared before the commissioner and asserted that the claim was not compensable and that the plaintiff was an employee of the department of social services. The department of social services appeared before the commissioner and asserted that LaChance was the plaintiff's employer and that due to LaChance's uninsured status, the second injury fund was responsible for paying the plaintiff's claim.

Neither LaChance, Allied Community Resources, Inc., nor the trust participated in proceedings before the board, before which appeared, in addition to the plaintiff, representatives of the second injury fund and the department of social services. Only the plaintiff and the second injury fund have filed briefs in this appeal.

General Statutes § 31-275 (9) (B) provides that an "employee" entitled to benefits under the act "shall not be construed to include . . . (iv) [a]ny person engaged in any type of service in or about a private dwelling provided he is not regularly employed by the owner or occupier over twenty-six hours per week . . . ." The commissioner concluded that in enacting this provision, the legislature "did not intend to exclude people like this [plaintiff] from workers' compensation coverage. The [plaintiff] clearly was not a casual employee." The commissioner concluded that the plaintiff was injured in the course of her employment, as a result of repetitive kneeling, as alleged. The commissioner ordered LaChance to pay total disability benefits and other related compensation to the plaintiff. The commissioner noted that in the event that LaChance failed to pay the claim, the plaintiff could obtain an order against the second injury fund.

The second injury fund appealed to the board. Following a hearing, the board applied § 31-275 (9) (B) (iv) and concluded that the plaintiff, who had not worked more than 25.75 hours a week as a personal care assistant, was not an employee entitled to benefits under the act. The board vacated the commissioner's decision, and this appeal by the plaintiff followed.

"The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously

been subject to judicial scrutiny." (Internal quotation marks omitted.) *Deschenes* v. *Transco, Inc.*, 284 Conn. 479, 487, 935 A.2d 625 (2007).

"We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . Similarly, [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Citation omitted; internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 324, 823 A.2d 1223 (2003).

The relevant facts underlying the plaintiff's appeal are not in dispute; the claim advanced by the plaintiff, which is that she is not encompassed in the casual employee exception codified in § 31-275 (9) (B) (iv), presents an issue of statutory interpretation to which we afford plenary review. See *Smith* v. *Yurkovsky*, 265 Conn. 816, 821, 830 A.2d 743 (2003). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Groton* v. *Mardie Lane*

*Homes, LLC*, 286 Conn. 280, 286–87, 943 A.2d 449 (2008).

The meaning of the governing statute is plain and unambiguous and, as applied to the facts of this case, is susceptible of only one reasonable interpretation. Only employees, as defined in the act, may avail themselves of benefits under the act. The relevant statutory provision, § 31-275 (9) (B), provides that the term " '[e]mployee' shall not be construed to include . . . (iv) [a]ny person engaged in any type of service in or about a private dwelling provided he is not regularly employed by the owner or occupier over twenty-six hours per week . . . ." On the basis of the facts before the board, we conclude that the board correctly vacated the commissioner's ruling because the plaintiff, who was not an employee for purposes of the act, was not entitled to benefits under the act.

"Although we recognize that the [act] should be broadly construed to accomplish its humanitarian purpose . . . its remedial purpose cannot transcend its statutorily defined jurisdictional boundaries. . . . The entire statutory scheme of the [act] is directed toward those who are in the employer-employee relationship as those terms are defined in the act and discussed in our cases. That relationship is threshold to the rights and benefits under the act; a claimant . . . who is not an employee has no right under this statute to claim for and be awarded benefits. . . . [A claimant] may invoke the remedy provided under the [act] only if [the claimant], as a matter of law, satisfies the requisite jurisdictional standard of employee as defined by the legislature . . . ." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Yurkovksy*, supra, 265 Conn. 822–23.

In challenging the board's decision, the plaintiff relies on the commissioner's finding that LaChance had personal care assistants, other than her, provide services

for him. Thus, the plaintiff asserts that LaChance received personal care services in excess of forty hours per week. The plaintiff also relies on the fact that subsequent to her employment, the regulations governing the personal care assistant waiver program were amended to cover the services of a single personal care assistant up to forty hours per week. See Regs., Conn. State Agencies § 17b-262-593 (a) (3). The plaintiff also suggests that because she was a "low wage earner" who provided "invaluable service to a physically handicapped person," public policy considerations warrant a reversal of the board's decision.

The plaintiff's arguments are unavailing. The fact that LaChance received care from others during the time of the plaintiff's employment or that after her employment, the regulations governing her position were amended does not alter the fact that the plaintiff was not employed during the period in question for more than twenty-six hours per week. It is this dispositive fact that, in accordance with § 31-275 (9) (B) (iv), precludes the plaintiff from invoking the remedies provided under the act.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.